REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 2041

September Term, 2014

———————————————————

TERRY BRADLEY

v.

CONSTRUCTION LABOR CONTRACTORS, *et al.*

———————————————————

Eyler, Deborah S.,
Meredith,
Wilner, Alan M.
(Retired, Specially Assigned).

JJ.

———————————————————

Opinion by Wilner, J.

———————————————————

Filed: February 24, 2016

Before us is an action for judicial review of an order of the Workers' Compensation Commission denying appellant's claim for compensation on jurisdictional grounds. The Circuit Court for Baltimore County, concluding that the petition for judicial review was untimely, dismissed it. We shall vacate the judgment of the Circuit Court and remand for further proceedings.

BACKGROUND

Appellant is a carpenter who was a resident of Tennessee. In July 2010, he was employed by Innovated Construction LLC (Innovated), a Kentucky company, to come to Maryland to do work at a Sam's Club facility in Baltimore County. He claimed that, later that month, he became employed by Construction Labor Contractors (CLC). In August 2010, he was injured when a Sam's Club employee operating a forklift struck him.

Appellant filed a claim with the Maryland Worker's Compensation Commission against Innovated, CLC, Rand Construction Company, and the Maryland Uninsured Employers Fund. The claim was contested, as to whether appellant was a "covered employee" and as to who was appellant's employer for purposes of the Workers' Compensation law. Neither the claim nor any of the initial responses to it have been included in the record, so the precise articulation of those issues, as first presented to the Commission, is unclear.

In an order dated December 8, 2010, the Commission, through Commissioner Macleay, concluded that Innovated was the correct employer but that, because appellant was a Tennessee resident and Innovated was a Kentucky company, the Maryland

1

Commission had no jurisdiction, and, for that reason, the claim was disallowed. Thus began the saga that followed.

The Workers' Compensation Law provides two options, other than acquiescence, when a party is aggrieved by a Commission decision. Md. Code, § 9-726(a) of the Labor and Employment Article (LE) permits a party, within 15 days after the decision, to file with the Commission a written motion for a rehearing. Alternatively, LE § 9-737 permits an aggrieved party, within 30 days after the mailing of the decision, to file an action for judicial review in accordance with the Rules in Title 7 of the Maryland Rules.[1] Appellant chose the first option. On December 23, 2010, he filed a request for rehearing, complaining that Commissioner Macleay had not properly applied the applicable statute (LE §9-203(b)(1)) in dismissing his claim because Innovated had no workers' compensation insurance applicable to injuries sustained in Maryland.[2]

---

[1] The text of the statute refers to this as an "appeal," but it is not an appeal in the formal sense but rather an original action for judicial review. *See Driggs Corp. v. Md. Aviation*, 348 Md. 389, 399 (1998); *Social Services v. Hayward & Dixon*, 426 Md. 638, 642, n.1 (2012); *Beretta USA v. Santos*, 122 Md. App. 168, 180 (1998).

[2] LE § 9-203(b) (1) provides that an individual is not a covered employee while working in Maryland for an employer only intermittently or temporarily if (i) the individual and employer made a contract of hire in another state; (ii) neither the individual nor the employer is a resident of Maryland; (iii) the employer has provided workers' compensation insurance coverage under a workers' compensation law or similar law of another state to cover the individual while working in Maryland; (iv) the other state recognizes the extraterritorial provisions of this title; *and* (v) the other state similarly exempts covered employees and their employers from its law. Appellant asserted that Innovated had no workers' compensation insurance in place applicable to injuries occurring in Maryland and that 9-203(b) therefore did not apply.

2

On January 11, 2011, Commissioner Macleay filed a memorandum stating that, following review of the request, the Commission had decided to schedule the matter for a rehearing, and, on February 8, 2011, the Commission sent notice that the rehearing would be held on April 13, 2011. On April 7, however, upon a joint request, a continuance was granted. The reason stated for the requested continuance was that the existence, *vel non*, of workers' compensation insurance applicable to injuries occurring in Maryland may resolve the claim and, in that regard, Auto Owners Mutual Insurance Company (Auto Owners), Innovated's workers' compensation insurer, was being impleaded as a party. On July 7, 2011, however, before the rehearing was rescheduled, Commissioner Macleay issued an order noting the requested rehearing but ordering the denial of appellant's claim. No reasons were given in the order and no explanation for it appears in the record. It was simply a one-sentence denial.

At that point, appellant could have filed a petition for judicial review, but he did not do so. Instead, on July 22, 2011, he filed with Commissioner Macleay another request for rehearing. As he had done in his initial request for rehearing, he argued that the core issue was whether, under LE § 9-203(b)(1), workers' compensation was available to him for injuries suffered in Maryland and, in that regard, stated that he had filed a claim with Auto Owners to determine that issue but had not yet received a response. He conceded that, if there was coverage for an accident occurring in Maryland, he could file a claim in either Tennessee or Kentucky and, in that event, the Maryland Commission would have no jurisdiction but, if not, he was entitled to file a claim in

3

Maryland. Dismissal of his Maryland claim, he contended, was premature, and he again requested a hearing.

Again, he had some temporary success. On January 19, 2012, the Commission issued a notice of rehearing scheduled for February 28, 2012, and a hearing was, in fact, held that day, apparently before Commissioner Vincent. It came to no avail, however, for, on March 1, 2012, Commissioner Vincent issued a brief order affirming the order of December 8, 2010. No reasons were given. The argument made by the three alleged employers was that the order of December 8, 2010 had become final when no petition for judicial review was timely filed. There is a document in the Commission record, shown as received by the Commission on July 25, 2011, from Auto Owners evidencing workers' compensation insurance for Innovated covering injuries sustained in Kentucky and 23 other States, but not Maryland. No mention was made of that document in Commissioner Vincent's order, but it certainly suggests that the order was erroneous.

On March 16, 2012, appellant filed a *pro se* petition for judicial review of the December 8, 2010, December 23, 2010, July 7, 2011, and March 1, 2012 Commission decisions. Innovated, along with the impleaded Auto Owners, filed a motion for summary judgment, arguing that (1) the Commission had no jurisdiction to further review its order of December 8, 2010, which had become final when no timely petition for judicial review was filed following the July 7, 2011 order, and (2) the petition for judicial

4

review was untimely. CLC, Rand Construction Co., and their insurers joined in that motion. [3]

In November 2012, Innovated and Auto Owners formally withdrew their motion. Nonetheless, a hearing proceeded on the motion in December 2012 before Judge Patrick Cavanaugh at the instance of the other employers and insurers who had joined in the motion, and, on December 13, 2012, Judge Cavanaugh granted the motion. The order granting the motion did not mention Innovated or Auto Owners but treated the order as applying only to the other employers and insurers. Appellant filed an appeal. On February 19, 2013, Judge Cavanaugh, noting that the "line" by Innovated and Auto Owners withdrawing their motion was not in the file when he granted the motion, struck the order, whereupon this Court dismissed the appeal as moot – there then being no judgment in the case.

To put the wobbly train back on the track, CLC and Hartford, its insurer, filed a motion to revise Judge Cavanaugh's order striking the order granting the motion for summary judgment, and Innovated and Auto Owners refiled their motion for summary judgment. All of that came before Judge John Fader, Judge Cavanaugh having retired. The trek through the Circuit Court came to an end on October 8, 2014, when Judge Fader dismissed the petition on the ground that it had not been timely filed. He concluded that the 30-day period allowed for the filing of a judicial review action commenced on July 7, 2011, when, in response to the first request for rehearing, Commissioner Macleay

---

[3] It is not clear when, or on what basis, Rand became a party.

affirmed the denial of the claim, and that that period cannot be extended by the filing of another request for rehearing. That is the issue now before us.

DISCUSSION

The judgment under review is the order dismissing the petition as untimely. Whether the court was right or wrong is a pure issue of law, of statutory construction. No discretion is involved. The standard of review is whether the court was legally correct in its conclusion; no facts bearing on that decision were in dispute. *Woznicki v. GEICO,* 443 Md. 93, 108, 115 A.3d 152, 161 (2015).

Appellant's position – that the 30-day period for filing a petition for judicial review did not commence until the mailing of Commissioner Vincent's order of March 1, 2012 – rests on his reading of LE § 9-726, dealing with rehearings before the Commission. Several provisions of that section are relevant. Section 9-726(a) permits a party to file a motion for rehearing within 15 days after the "date of a decision by the Commission." Subsection (d) contains three relevant provisions. First, it commands that, even if an "appeal" – *i.e.*, a petition for judicial review – is pending, the Commission shall promptly rule on the motion. Second, it provides that the Commission may decide a motion for rehearing without granting a hearing on the motion. Third, it permits the Commission to grant a motion for rehearing only on grounds of error of law or newly discovered evidence.

Section 9-726(e) provides that "[i]f the Commission grants a motion for rehearing, the Commission promptly shall hold the rehearing and pass an appropriate

6

order" even if an action for judicial review sought by another party is pending. Finally, for our purposes, section (f) provides that, if a party files a motion for rehearing, the time for filing an action for judicial review starts on "the date on which the Commission mails notice of the denial of the motion for a rehearing" or, if the Commission grants the motion, "the date on which the Commission mails notice of an order under subsection (e) . . ."[4]

Appellant views § 9-726(e) as mandatory – if the Commission grants a motion for rehearing, which it does not have to do but which he claims it did in this case, it must hold a rehearing before entering an order resolving the issue(s) raised in the motion. Commissioner Macleay's order of July 7, 2011 purporting to deny the claim did not comply with that requirement, prompting appellant to remind the Commissioner of that fact in order that he might then hold the statutorily mandated hearing. In fact, he points out, that is what occurred. That, appellant notes, was the one and only hearing held on his *first* motion for reconsideration, which is why the order entered on March 1, 2012 was the effective ruling on that motion, thus commencing the time for filing his action for judicial review.

Appellees, of course, have a different view, which contains two prongs. They believe that a decision to grant a rehearing is revocable by the Commission – that the Commission properly may decide, prior to actually holding a rehearing that it said it would hold, that one is unnecessary and may simply deny the requested relief, which is

---

[4] The text of sections (e) and (f) speaks of an "appeal." For the reasons noted above, we have paraphrased that language to refer to a petition for judicial review.

7

what the Commission did on July 7, 2011. Appellees do not read § 9-726(e) quite so literally as appellant. As a second prong, appellees construe § 9-726 as allowing an aggrieved party to file only one motion for rehearing, which the Commission may decide with or without a hearing. To permit the filing of successive motions for rehearing, each contesting the loss of its immediate predecessor, could stay a final Commission decision and the time for filing a petition for judicial review indefinitely, which could not have been the legislative intent. The July 7, 2011 order, in their view, terminated the case before the Commission and both the second motion for rehearing and everything that followed from it was a nullity, or, at least, had no effect on the finality of the July 7 order.

A motion for rehearing under LE § 9-726, when properly parsed, seeks three forms of relief from the Commission. First, it asks the Commission to agree to reconsider the ruling complained of – to rethink what it has done. That is in the nature of a threshold. Second, it asks the Commission to change that ruling in some way. That is the ultimate form of relief sought. Third, it seeks an opportunity to appear before the Commission to explain and argue why the Commission should grant the other two forms of relief – why it should reconsider what it did and why it should do something else.

Section 9-726 is unusual in the way it deals with that third element. For one thing, it speaks of a motion for *rehearing*, not a motion for *reconsideration*. Although subsection (d) makes clear that the Commission does not have to hold a hearing on the motion but may grant or deny the ultimate relief requested based on the content of the motion and any responses to it, subsection (e), as noted, provides that, if the Commission

8

"grants a motion for rehearing, the Commission promptly shall hold the rehearing and pass an appropriate order."

The question raised by that provision, in light of what occurred here, is whether, having granted the motion to the extent of scheduling a hearing on it, the Commission loses its discretion to decide the motion without a hearing. In other words, is a decision to schedule a hearing on the motion irrevocable?

Subsection (e) is susceptible of two different interpretations. The literal interpretation, favored by appellant, is that once the Commission decides to hold a hearing on a motion for rehearing, it must do so; it does lose its discretion to decide the motion without one. That interpretation lays stress on the words "shall hold the rehearing."

When read together with §§ 9-726(c) and (d), however, it can have a more limited focus. Under § (c), a motion for rehearing does not stay the right of another party to seek judicial review, so it is possible for the claim to remain pending before the Commission while a judicial review action filed by another party is pending in a Circuit Court. Subsection (d)(1) anticipates that situation and requires that, even if such an action is filed (and even if it is not), the Commission shall decide the motion for rehearing *promptly*, with or without a hearing. The full literal language of § (e) is not that the Commission "shall hold the rehearing" but that it "*promptly* shall hold the rehearing." (Emphasis added). We cannot ignore the adverb. There is a natural presumption that the Legislature does not use words in vain, and we therefore must avoid reading a statute in

9

such a way as to render a word or phrase superfluous. *Tracy v. State*, 423 Md. 1, 19 (2011); *Kalman v. Fuste*, 207 Md. App. 389, 403 (2012).

The word "promptly" has meaning. What it signifies, when read in harmony with subsection (d), is a legislative intent that, if the Commission decides to hold a hearing, which it need not do, it must hold that hearing promptly, not that an initial decision to hold a hearing is irrevocable. A subsequent decision to proceed without a hearing, in some instances, may constitute an abuse of discretion and it may lead to a legally incorrect result, both of which can be argued in an action for judicial review, but, as we construe § 9-726, it is not forbidden.

That brings us to the effect of the July 7, 2011 order. Terse as it was, it had a dual effect. It clearly was intended as a final order of the Commission denying appellant's claim. That is what it said – "ORDERED, that the Order of the Commission dated December 8, 2010, be and the same is hereby affirmed." As such, it also, implicitly but necessarily, nullified the initial decision to hold a hearing on the motion. At best, we may assume that Commissioner Macleay did rethink his December 2010 order in the sense of considering the argument made in the motion, but, having done so, decided to affirm that order and to do it without a hearing. The motion for rehearing was effectively denied, from both a procedural and substantive point of view. There was nothing left to rehear.

Unquestionably, appellant could have filed a petition for judicial review at that point. That said, unlike appellees, we see nothing in § 9-726 that precludes another motion for rehearing. Section 9-726(a) expressly permits a party to file such a motion for

10

rehearing within 15 days after "the date of *a* decision by the Commission." (Emphasis added). Nowhere in that section, or any other that has been cited to us or that we can find, does it say that this can be done only once. The aggrieved party runs a risk in taking that course, however, as it does not stay the time for seeking judicial review. Section 9-726(f)(1) makes clear that, if a party files a motion for rehearing under § 9-726(a) and the Commission denies the motion, the time for seeking judicial review starts on the date the Commission mails notice of the denial. As we have indicated, that occurred on July 7, 2011. If the Commission had taken no action on the second motion for rehearing, appellant would have lost his opportunity to seek judicial review of the July 7 order 30 days after the mailing of the order.

The problem here is that the Commission *did* take action. It granted the second (July 23) motion for rehearing, set a date for that rehearing, and actually held the rehearing. Unless we would be willing to accept that, in doing so, the Commission deliberately or inadvertently set a trap for appellant, which we do not accept, the only reasonable inference to be drawn is that the Commission effectively withdrew its July 7, 2011 order so that it could actually do what it had agreed to do in response to the first motion for rehearing – hold a hearing to determine whether the December 2010 order was correct.

That decision – whether the December 10, 2010 order was correct -- was not forthcoming until March 1, 2012, following the rehearing held on February 28, 2012. The March 1 order became the effective final order of the Commission, making the

11

March 16 petition for judicial review timely.  The Circuit Court erred in concluding otherwise.

                                               JUDGMENT VACATED; CASE REMANDED FOR FURTHER PROCEEDINGS; APPELLEES TO PAY THE COSTS.